No. 26-1482

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

U.H.A., et al.,

Petitioners-Appellees,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States,
et al.,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of Minnesota

**OPPOSED MOTION FOR AN EXPEDITED APPEAL**

DANIEL N. ROSEN
*United States Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*
DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRANTLEY T. MAYERS
*Counsel to the Assistant Attorney General*

*Counsel for Respondents-Appellants*

# INTRODUCTION

A refugee who has been physically present in the United States for at least one year and has not acquired permanent resident status "shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security [("DHS")] for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of [Title 8]." 8 U.S.C. § 1159(a)(1). Through this provision, if a refugee does not voluntarily present himself to DHS at the end of the year, Congress mandates that he "be returned" to "custody" (*i.e.*, arrested and detained) by DHS. Congress also authorizes DHS to keep the returned refugee in custody "for" (*i.e.*, during or throughout) "inspection and examination."

Despite this clear text, the district court below concluded that § 1159(a) never, under any circumstance, authorizes arrest and detention. Not even an arrest for the recalcitrant refugee who knowingly refuses to return after multiple requests, and not even detention for just a minute. Not content with confining its analysis to the issues of statutory interpretation—and in defiance of the *Ashwander* principle—the district court insisted on issuing gratuitous, sweeping constitutional holdings too. It thus held, somehow, that as a facial matter any such arrest and detention would be categorically unreasonable under the Fourth Amendment (even if supported by probable cause and a warrant) and would facially violate both the substantive and procedural components of the Fifth Amendment's Due Process Clause to boot. And, for good measure, the

1

Appellate Case: 26-1482    Page: 2    Date Filed: 03/18/2026 Entry ID: 5619985

district court added yet another gratuitous holding that the government's new policy—which implements § 1159(a)'s straightforward mandate—is arbitrary and capricious under the APA. On the basis of those sweeping holdings, the district court granted preliminary injunctive relief to a putative class.

The district court's order is legally indefensible. The statutory analysis is at odds with plain text. The constitutional analysis is at odds with blackletter law. And the APA holding is neither reasonable nor reasonably explained. Moreover, the scope of relief is equally problematic: granting facial relief without even mentioning the standard for facial challenges and violating this Court's recent decision in *Tincher v. Noem*, 164 F.4th 1097 (8th Cir. 2026), as well as longstanding remedial principles. These errors warrant expedited attention of the Court. Accordingly, the government respectfully requests that the Court expedite this appeal.[1]

## BACKGROUND

In January 2026, DHS initiated Operation PARRIS, through which DHS has arrested and detained refugees under 8 U.S.C. § 1159(a). As Appellants Edlow and Lyons explained in a memorandum, DHS's current policy is based on its reading of § 1159(a) to both authorize and, in some instances, mandate arrest and detention, as well as the need to properly vet refugees. Doc. 122-1.

---

[1] Appellees oppose this request in its entirety.

Appellate Case: 26-1482    Page: 3    Date Filed: 03/18/2026 Entry ID: 5619985

On January 18, 2026, Appellee U.H.A.—a refugee conditionally admitted in September 2024—filed a petition for writ of habeas corpus, claiming that DHS was unlawfully detaining him under 8 U.S.C. § 1159(a). Doc. 1. About a week later, U.H.A., along with other individuals and an organization, filed an amended petition and a complaint on behalf of a putative class. Doc. 12. Appellees raised various claims challenging arrests and detentions under 8 U.S.C. § 1159(a) on statutory and constitutional grounds. *Id.* ¶ 6. In the amended petition, Appellees seek to represent a proposed class of "[a]ll individuals with refugee status who are residing in the state of Minnesota, who have not yet adjusted to lawful permanent resident status, and who have not been charged with any ground for removal under the INA." *Id.* ¶ 101.

Shortly after filing the amended petition, Appellees moved for a TRO. Doc. 16. On January 28, the district court granted the motion—preventing any arrest or detention of any member of the putative class on "the basis that they are a refugee who has not been adjusted to lawful permanent resident status," and ordering the release of all putative class members detained pursuant to 8 U.S.C. § 1159(a). Doc. 41 at 31-32. The government moved to dissolve the TRO, but the district court denied that motion. *See* Docs. 55-56, 91.

On February 27, the district court granted Appellees' motion for a preliminary injunction. Doc. 133. The district court concluded that Appellees were likely to succeed on the merits in challenging the "Refugee Detention Policy"—which the Court defined as a policy "that would subject all lawfully present refugees who have not yet

Appellate Case: 26-1482     Page: 4     Date Filed: 03/18/2026 Entry ID: 5619985

obtained [LPR] status to arrest and mandatory detention after being present in the United States for one year," *id.* at 18 n.23—for five reasons: (1) 8 U.S.C. § 1159(a) does not authorize, under any circumstance, arrest or detention; (2) the Refugee Detention Policy facially violates procedural due process because it does not provide notice or an opportunity to be heard prior to arrest; (3) the Refugee Detention Policy facially violates substantive due process; (4) any arrest and detention under § 1159 facially violates the Fourth Amendment's reasonableness requirement; and (5) the Refugee Detention Policy is arbitrary and capricious. *Id.* at 22-50.

The district court found that the other three preliminary injunction factors also weighed in favor of Appellees. *Id.* at 50-55. The district court then issued relief to a putative class, enjoining Appellants from "arresting or detaining" any member of a putative class—defined as "[a]ll individuals with refugee status who are residing in the state of Minnesota, who have not yet adjusted to lawful permanent resident status, and have not been charged with any ground for removal under the Immigration and Nationality Act"—on "the basis that they are a refugee who has not been adjusted to lawful permanent resident status." *Id.* at 55-63, 66. The district court also stayed the effective date of "the Refugee Detention Policy in Minnesota" under 5 U.S.C. § 705. *Id.* at 66.

The government appealed the district court's order on March 12, 2026. Doc. 137.

Appellate Case: 26-1482    Page: 5    Date Filed: 03/18/2026 Entry ID: 5619985

# ARGUMENT

The government respectfully requests—pursuant to 28 U.S.C. § 1657(a), and Federal Rules of Appellate Procedure 27 and 31(a)(2)—that the Court expedite this appeal. The order on appeal involves exceptionally important and unresolved questions about DHS's authority to execute the inspection-and-examination process Congress mandated in 8 U.S.C. § 1159(a). These questions are at the heart of countless habeas petitions filed in the District of Minnesota over the past few months. *See, e.g.*, *Makarim A. v. Bondi*, No. CV 26-512 (PAM/EMB), 2026 WL 272364 (D. Minn. Feb. 2, 2026); *Idle H. v. Bondi*, No. 26-CV-315 (LMP/SGE), 2026 WL 266462 (D. Minn. Feb. 2, 2026); *S.M. v. Bondi*, No. CV 26-639 (JRT/DTS), 2026 WL 254582 (D. Minn. Feb. 1, 2026); *Mohamednoor A. v. Bondi*, No. 26-CV-525 (ECT/ECW), 2026 WL 221926 (D. Minn. Jan. 28, 2026); *Serhii L. v. Bondi*, No. 26-cv-463, 2026 WL 184736 (D. Minn. Jan. 24, 2026); *E.E. v. Bondi*, No. 26-cv-314 (D. Minn.).

Given the recurrence of these issues and this Court's lack of precedent interpreting 8 U.S.C. § 1159(a), all parties involved would benefit from expeditious resolution of this appeal and the resulting clarity. Expedition is especially warranted here because of the obvious errors in the district court's legal analysis and the scope of relief. *Cf. H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946, 952 (8th Cir. 2023) (expediting appeal and vacating preliminary injunction). The district court concluded that, despite its text, § 1159(a) *never* authorizes arrest and detention. The district court also concluded that the Fourth and Fifth Amendments prohibit, in *all* circumstances, the arrest and

5

detention of individuals with refugee status who have not yet adjusted to lawful permanent resident status and have not been charged with any ground for removal under the INA. Accordingly, under the preliminary injunction on appeal, DHS is foreclosed from arresting and detaining any such refugee in Minnesota under § 1159(a), even the refugee who openly refuses to return for inspection and examination. The resulting threat to public safety is obvious, especially when considering the insufficient vetting processes employed by the prior Administration. *See* Doc. 122-1 at 5-6.

The Court's resolution of this appeal is urgently needed. Therefore, the government respectfully requests that the Court grant the motion to expedite this appeal and enter the following briefing schedule:

**Opening Brief**: 21 days after the Court grants this motion

**Answering Brief**: 21 days after the Opening Brief

**Reply Brief**: 14 days after the Answering Brief

In addition, the government requests that the Court schedule this appeal for oral argument during the earliest possible sitting.

## CONCLUSION

The Court should expedite briefing and argument in this appeal.

6

Respectfully submitted,

DAN N. ROSEN
*United States Attorney*

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

*/s/ Brantley T. Mayers*
BRANTLEY T. MAYERS
*Counsel to the Assistant Attorney General*
*United States Department of Justice*
*Civil Division*
*950 Pennsylvania Ave NW*
*Washington, DC 20530*
*Telephone: (202) 890-9874*
*Email: Brantley.t.mayers@usdoj.gov*

*Counsel for Respondents-Appellants*

MARCH 2026

7

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1423 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

Pursuant to Circuit Rule 28A(h)(2), I further certify that the motion has been scanned for viruses, and the motion is virus free.

*/s/ Brantley T. Mayers*
Brantley T. Mayers

8

Appellate Case: 26-1482    Page: 9    Date Filed: 03/18/2026 Entry ID: 5619985

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.  Service will be accomplished by the appellate CM/ECF system on all counsel of record.

*/s/ Brantley T. Mayers*
Brantley T. Mayers

9

Appellate Case: 26-1482    Page: 10    Date Filed: 03/18/2026 Entry ID: 5619985