_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

U.H.A., et al.,

*Petitioners-Appellees,*

v.

PAMELA BONDI, in their official capacity as Attorney General of
the United States, et al.,

*Respondents-Appellants.*

On Appeal From the United States District Court
for the District of Minnesota
No. 0:26-cv-00417-JRT-DLM, Hon. John R. Tunheim

---

## OPPOSITION TO MOTION FOR AN EXPEDITED APPEAL

---

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Kimberly Grano
kgrano@refugeerights.org
Ghita Schwarz
gschwarz@refugeerights.org
Pedro Sepulveda, Jr.
psepulveda@refugeerights.org
Mevlüde Akay Alp
makayalp@refugeerights.org
One Batter Park Plaza, 33rd Fl
New York, NY 10004
T. 646.946.7453

BERGER MONTAGUE PC
E. Michelle Drake
emdrake@bergermontague.com
John G. Albanese
jalbanese@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999; F. 612.584.4470

*Counsel for Petitioners-Appellees*

Appellate Case: 26-1482    Page: 1    Date Filed: 03/27/2026 Entry ID: 5623028

Petitioners-Appellees ("Appellees") respectfully oppose Respondents-Appellants' ("Appellants") Motion for Expedited Briefing ("Motion"). Appellants' Motion fails to offer the Court a legal or factual basis to support the requested modified briefing schedule. Instead of offering any intelligible principle by which the Court could evaluate such a request, Appellants merely preview the merits of their appeal.

Appellees agree that this is an important case, which bears on the right of Minnesota's thousands of lawfully admitted refugees to be free from arbitrary and indefinite detention. It is one that deserves fulsome briefing, the participation of amici, oral argument, and sufficient time for the Court's consideration of these important issues. The Court is not required to expedite in these circumstances, and Appellants provide no good reason for the Court to depart from its routine practice and the briefing schedule provided by Federal Rule of Appellate Procedure 31(a)(1). Indeed, any such argument would be contradicted by Appellants' own actions in this litigation—Appellants waited almost two full weeks after the entry of a preliminary injunction to file their notice of appeal and opted not to pursue a stay pending appeal in this Court, but now ask that the Court hear their appeal on an expedited timeline. The Court should deny Appellants' Motion and hear this important case in the ordinary course and pursuant to the briefing schedule already in place.

Appellate Case: 26-1482     Page: 2     Date Filed: 03/27/2026 Entry ID: 5623028

## I.  Background

In January 2026, through Operation PARRIS, Appellants began targeting for warrantless arrest and detention approximately 5,600 lawfully admitted refugees in Minnesota, not because they were accused of being deportable, but merely because the Government had not yet granted them lawful permanent resident (LPR) status. *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for a Preliminary Injunction ("Order"), Doc. 133, at 4–9. This new policy broke with 45 years of Appellants' own interpretation of the Immigration and Nationality Act's (INA) refugee adjustment-of-status provision, 8 U.S.C. § 1159(a), with Appellants claiming the novel authority to subject *all* refugees to mandatory detention one year after their admission to the United States. Order at 23, 26. On January 24, Appellees filed an amended complaint-petition on behalf of a putative class of refugees in Minnesota who had not been charged with any ground of removability and sought a temporary restraining order (TRO). *See* TRO, Doc. 41. Appellees simultaneously filed a motion for class certification, which Appellants did not oppose. *See* Mot. for Class Certification, Doc. 15. On January 28, the district court granted the TRO. *Id*.

On February 27, concluding that Appellants' warrantless arrest and detention of refugees lawfully present in Minnesota likely violated the INA and the Constitution, the district court entered a preliminary injunction and stay under section 705 of the Administrative Procedure Act. Order at 65–66. Contrary to

Appellate Case: 26-1482    Page: 3    Date Filed: 03/27/2026 Entry ID: 5623028

Appellants' mischaracterization of the District Court's order (Mot. at 1–2), the preliminary injunction is narrowly focused on the blanket arrest-and-detention policy that Appellants implemented in Minnesota: It prohibits Appellants only from arresting and detaining lawfully present refugees in Minnesota on the basis that they have not been adjusted to LPR status. It does not interfere with Appellants' ability to arrest and detain refugees who they believe to be removable, or to conduct refugee adjustment-of-status or "revetting" interviews. Order at 36, 66. Indeed, since the TRO was first entered, Appellants have continued to conduct these interviews without detaining refugees. *See* Ghandour Decl., Doc. 121.

Nearly two weeks later, on March 12, Appellants filed their Notice of Appeal of the Preliminary Injunction (Doc. 137). Appellants opted not to file a motion to stay the preliminary injunction pending appeal with this Court.

## II. Appellants' Purported Basis for Expedited Appeal Does Not Support Modifying the Briefing Schedule.

Appellants ask the Court to expedite the appeal because the appealed district court order "involves exceptionally important and unresolved questions." Mot. at 5. Because the presence of an important question on its own is insufficient to establish good cause for modifying an appellate briefing schedule, the Court should deny the Motion.

The United States Court of Appeals for the Eighth Circuit has discretion to manage its docket and may expedite its consideration of any appeal upon an

4

Appellate Case: 26-1482    Page: 4    Date Filed: 03/27/2026 Entry ID: 5623028

appropriate motion. *See* United States Court of Appeals for the Eighth Circuit, Internal Operating Procedures III(A), (D). The Eighth Circuit's scheduling procedures are intended to serve the dual purpose of ensuring both "uniformity" and the "expeditious processing" of all appeals before the Eighth Circuit.

The Eighth Circuit's docket management decisions are also made in light of direction from Congress. When Congress wants the federal courts of appeal to expedite an appeal, it says so. For example, Congress instructs courts to promptly consider appeals from criminal detention or release orders (18 U.S.C. § 3145(c)), appeals from the dismissal of a criminal indictment (18 U.S.C. § 3731), and appeals from any order on injunctive relief in a case involving or growing out of a labor dispute (29 U.S.C. § 110). This Court routinely expedites appeals where Congress's explicit direction is invoked. *See, e.g.*, *Brady v. Nat'l Football League*, No. 11-1898 (8th Cir.) (court granted unopposed motion to expedite the appeal of an injunction in a labor dispute case, where 29 U.S.C. § 110 provides that such an appeal must be heard and decided "expeditiously").

Appellants' proposed statutory basis for expedition here, however, does not apply to federal courts of appeal. Appellants invoke 28 U.S.C. § 1657, which calls for the expedited consideration of any "action" for temporary or preliminary injunctive relief, in each court of the United States "in which civil actions are heard and determined." Appellants do not articulate their theory as to why section 1657

5

Appellate Case: 26-1482    Page: 5    Date Filed: 03/27/2026 Entry ID: 5623028

would require expeditious appeal in this case, and nothing in the Eighth Circuit's Rules or Internal Operating Procedures indicates that it should. The plain language of section 1657 implicates only the docket management of district courts. The Eighth Circuit does not have jurisdiction to hear and determine civil actions in the first instance; it may only assume jurisdiction following an order by a trial court or other tribunal hearing the action. *See* 28 U.S.C. §§ 1291, 1292.[1] Indeed, to Appellees' knowledge, the Eighth Circuit has never before held that it is mandated to expedite all appeals from preliminary injunctions under section 1657.[2]

---

[1] Consistently, Congress uses the phrase "civil action" in the context of providing for and invoking the jurisdiction and procedures of district courts. *See, e.g.*, 28 U.S.C. §§ 1331, 1332, 1367, 2284. In contrast, when Congress provides for appellate jurisdiction, it uses the phrase "cases and controversies" derived from Article III. *See, e.g.*, 28 U.S.C. § 46. And elsewhere, when Congress uses the phrase "heard and determined" in combination with a "civil action," like in section 1657, Congress refers to a function of district judges prior to appeal and distinguishes such procedures from those required for appellate review. *See* 28 U.S.C. § 1253; 28 U.S.C. § 2284.

[2] The Eighth Circuit has at least once referred to section 1657 as authority for expediting an appeal in a case where the appellant sought injunctive relief *from the Eighth Circuit. See, e.g.*, *Fresenius Kabi USA, LLC v. Nebraska*, 733 Fed. App'x 871 (8th Cir. 2018). Similarly, in *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023), on which Appellants rely, the appeal was expedited after the Court granted a motion for stay. Both of these cases indicate that a party seeking a stay from this Court may, upon a proper showing, be entitled to expedited proceedings. But neither suggests that the Eighth Circuit is deprived of discretion to manage its own schedule via section 1657. And neither suggests that expedition under the circumstances of this case, where no stay was sought, would be appropriate.

Appellate Case: 26-1482    Page: 6    Date Filed: 03/27/2026 Entry ID: 5623028

Appellants argue that expedition is warranted here because the district court order in this case "involves exceptionally important and unresolved questions." Mot. at 5. Contrary to Appellants' suggestion, however, the issues in this case are not continuing to recur in the district courts. Rather, although Appellants' rash and indiscriminate implementation of their new detention policy in Minnesota foreseeably resulted in a large number of individual habeas petitions, those petitions have effectively been coordinated via this putative class action, and none of the decisions Appellants cite post-date the preliminary injunction in this case. Thus, while Appellees agree that the substantive issues on appeal are important, as discussed above, this is not an unresolved area of law in which district courts are reaching conflicting decisions.[3] Regardless, the desire to have a particular question resolved on its own is not a sufficient basis to expedite review.

Instead of identifying any legitimate reason to short-cut the appellate process, Appellants improperly attempt to argue the merits of their appeal via a procedural motion. These arguments are baseless, but more importantly they are irrelevant here because disagreement with the district court's decision is not a basis to expedite the

---

[3] Further, as one district court in Minnesota recently observed, "the Court disagrees that the legal framework regarding detention of refugees is unsettled. In *U.H.A.*, Judge Tunheim made it abundantly clear that the government's 'position flatly contradicts the plain meaning of § 1159(a) and contravenes forty-five years of agency practice.'" *Jerson A.D.G. v. Bondi*, No. 26-cv-516, 2026 WL 776808, at *2 (D. Minn. Mar. 19, 2026).

7

appeal and deprive Appellees of sufficient time to brief these arguments. Appellants also allude to a hypothetical and unsubstantiated public safety concern presented by the injunction. In doing so, Appellants drastically misrepresent the scope of the injunction that issued. The district court did not conclude that the Constitution prohibits "in *all* circumstances" the arrest and detention of refugees (Mot. at 5–6). The challenged injunction merely holds that because Appellees are likely to succeed on the merits of their challenge to Appellants' newly asserted arrest-and-detention authority under section 1159, Appellants are enjoined from arresting individuals "on the basis that they are a refugee who has not been adjusted to lawful permanent status." Order at 66 ¶ 2. Nothing in the district court's Order creates a "threat to public safety" (Mot. at 6), because merely existing with refugee status is not a threat to public safety and the Order does not implicate or limit any other available source of arrest authority.

The importance of the issues involved in this case weigh in favor of denying, rather than granting, Appellants' Motion. This case deserves fulsome briefing, the participation of amici, and a timeline sufficient to allow for proper consideration. This Court regularly reviews appeals from orders with enormous individual, local, national, and international consequences, and has organized its dockets to balance the parties' needs in such cases against the importance of providing fulsome and

Appellate Case: 26-1482     Page: 8     Date Filed: 03/27/2026 Entry ID: 5623028

sufficient review and the Court's own time and resources.[4] Appellants present no legal basis for treating this case any differently from other appeals, and this Court should deny the Motion and review the matter in the ordinary course.

### III. Any Purported Need for Urgency on Appeal Is Belied by Appellants' Own Actions in this Matter.

Appellants' own actions over the duration of this litigation demonstrate a lack of urgency and contradict any allegations of an urgent need for review. Because no facts demonstrate a need for urgency here, the Court should deny the Motion.

*First*, and perhaps most importantly, Appellants do not argue that any facts support their request for expedition. They do not argue that they are experiencing prejudice or that the district court's preliminary injunction is in any way imposing costs on the Government. Indeed, as the district court noted, the challenged preliminary injunction merely preserves the status quo as it has existed for forty-five years. Order at 25–26. Under the TRO, Appellants are able to conduct refugee adjustment-of-status interviews as they have for decades, and have continued to conduct such interviews since the TRO was first entered without needing to first arrest and detain their interviewees. *See* Ghandour Decl., Doc. 121. Appellants'

---

[4] On the other hand, granting expedited review here merely on the basis that this case presents an important issue would risk opening the flood gates for grounds to expedite the vast majority, if not every, appeal that this Court hears. As stated, it is unremarkable that an appellant to this Court believes its case is important and that its challenge is both meritorious and urgent. Grounds to expedite must require something more.

9

vague allusion to public safety concerns is both unsubstantiated and contradicted by the facts in the record.[5]

*Second*, Appellants themselves have not acted with any urgency to appeal the preliminary injunction. After issuance of the preliminary injunction, Appellants waited almost two full weeks to file their Notice of Appeal. *See* Doc. 137. Such a delay does not indicate urgency; to the contrary, it is further evidence that this appeal does not require any expedited or modified scheduling.

Appellants have made no statements, either in this litigation or elsewhere, that their ability to process refugee adjustment of status petitions or otherwise carry out the mandates of federal immigration laws in Minnesota is in any meaningful way impeded by the imposition of the preliminary injunction in this case. There is certainly no evidence that Appellants have urgent need for intervention by this Court, especially in light of their decision not to seek a stay here.

*     *     *     *     *

Appellants present no legal basis to require expedition of this appeal. Appellants similarly fail to present any good reason to justify modification of this

---

[5] Additionally, it is unclear whether even expeditious review and reversal by this Court would fundamentally alter the circumstances on the ground in this case. Since the filing of Appellants' Notice of Appeal, the United States District Court for the District of Massachusetts granted a motion to stay enforcement of the Government's new refugee policy nationwide. *See Jean A. et al. v. Noem et al.*, 26-cv-30031, ECF No. 51 (D. Mass. Mar. 23, 2026).

Appellate Case: 26-1482     Page: 10     Date Filed: 03/27/2026 Entry ID: 5623028

Court's scheduling order already in place. The important issues on appeal deserve consideration and deliberation by this Court, informed by fulsome briefing, the participation of amici, and oral argument. The Court should deny the Motion and allow this appeal to proceed in the ordinary course.

Date: March 27, 2026

/s/John G. Albanese

BERGER MONTAGUE PC
E. Michelle Drake
emdrake@bergermontague.com
John G. Albanese
jalbanese@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999; F. 612.584.4470

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Kimberly Grano
kgrano@refugeerights.org
Ghita Schwarz
gschwarz@refugeerights.org
Pedro Sepulveda, Jr.
psepulveda@refugeerights.org
Mevlüde Akay Alp
makayalp@refugeerights.org
One Batter Park Plaza, 33rd Fl
New York, NY 10004
T. 646.946.7453

*Counsel for Petitioners-Appellees*

Appellate Case: 26-1482     Page: 11     Date Filed: 03/27/2026 Entry ID: 5623028

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,347 words.

2.     This document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 point Times New Roman.

Date: March 27, 2026

/s/John G. Albanese

BERGER MONTAGUE PC
E. Michelle Drake
emdrake@bergermontague.com
John G. Albanese
jalbanese@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999; F. 612.584.4470

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Kimberly Grano
kgrano@refugeerights.org
Ghita Schwarz
gschwarz@refugeerights.org
Pedro Sepulveda, Jr.
psepulveda@refugeerights.org
Mevlüde Akay Alp
makayalp@refugeerights.org
One Batter Park Plaza, 33rd Fl
New York, NY 10004
T. 646.946.7453

*Counsel for Petitioners-Appellees*

Appellate Case: 26-1482   Page: 12   Date Filed: 03/27/2026 Entry ID: 5623028

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I caused the foregoing to be filed with the Clerk via the CM/ECF system, which will service notice of electronic filing on all registered users, including counsel for the parties.

Date: March 27, 2026

/s/John G. Albanese

BERGER MONTAGUE PC
E. Michelle Drake
emdrake@bergermontague.com
John G. Albanese
jalbanese@bergermontague.com
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999; F. 612.584.4470

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Kimberly Grano
kgrano@refugeerights.org
Ghita Schwarz
gschwarz@refugeerights.org
Pedro Sepulveda, Jr.
psepulveda@refugeerights.org
Mevlüde Akay Alp
makayalp@refugeerights.org
One Batter Park Plaza, 33rd Fl
New York, NY 10004
T. 646.946.7453

*Counsel for Petitioners-Appellees*

13

Appellate Case: 26-1482    Page: 13    Date Filed: 03/27/2026 Entry ID: 5623028